An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

WILLIE JAMES LEMONS, JR.,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61630

**FILED**

MAY 1 3 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge.

In his petition filed on March 19, 2012, appellant claimed that he received ineffective assistance of trial counsel. To prove ineffective assistance of counsel sufficient to invalidate a judgment of conviction based on a guilty plea, a petitioner must demonstrate that his counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

13 - 14055

1102, 1107 (1996). Both components of the inquiry must be shown. *Strickland v. Washington*, 466 U.S. 668, 697 (1984).

First, appellant claimed that trial counsel failed to interview two of the State's witnesses, failed to investigate appellant's alibi, and failed to locate a woman observed on the surveillance video exiting from Room 120. Appellant failed to demonstrate deficiency or prejudice as his claim was bare and he failed to argue below what a more thorough investigation would have revealed. *See Molina v. State*, 120 Nev. 185, 192, 87 P.3d 533, 538 (2004). Appellant accepted negotiations at the preliminary hearing, thereby eliminating trial counsel's need to investigate the case further. Appellant failed to provide any explanation for why he entered a guilty plea if he believed he had an alibi. Given the witnesses' identification and the surveillance video, appellant failed to demonstrate a reasonable probability that he would not have entered a guilty plea and would have insisted on going to trial had trial counsel investigated his alibi. Therefore, we conclude that the district court did not err in denying this claim.

Second, appellant claimed that his trial counsel was ineffective for advising him to waive the preliminary hearing because the State's evidence was weak and unreliable. Appellant failed to demonstrate deficiency or prejudice. Appellant failed to demonstrate that the State would not have been able to satisfy its burden of establishing probable cause for the crimes alleged in the criminal complaint. *See* NRS 171.206. Appellant received a substantial benefit as he avoided the older-victim enhancement, a charge of burglary, and potential habitual criminal

adjudication. Therefore, we conclude that the district court did not err in denying this claim.

Third, appellant claimed that his trial counsel coerced his guilty plea by telling him that he could spend the rest of his life in prison, telling him that he would lose if he went to trial, telling him that he could be part of an in-patient program and receive probation, and telling his mother-in-law that he would get a sentence of 2 to 5 years. Appellant failed to demonstrate deficiency or prejudice. Candid advice about the consequences of a conviction and the strength of the State's case is not deficient. Appellant was eligible for large habitual criminal treatment, and thus, he faced a potential life sentence. In entering his plea, appellant indicated that he was not promised anything not included in the guilty plea agreement and he was not acting under duress or coercion. Therefore, we conclude that the district court did not err in denying this claim.

Fourth, appellant claimed that his trial counsel was ineffective because he had a conflict of interest. Appellant claimed that his trial counsel was unable to negotiate with the deputy district attorney because of an alleged personal relationship between the two attorneys. Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. Appellant negotiated a guilty plea prior to the preliminary hearing and the record indicates that a different attorney from the district attorney's office represented the State during the proceedings in the justice court. Appellant failed to demonstrate that an actual conflict of interest adversely affected the performance of his

counsel. *See Strickland*, 466 U.S. at 692; *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980); *Leonard v. State*, 117 Nev. 53, 63, 17 P.3d 397, 404 (2001).

Finally, appellant claimed that cumulative deficiencies in his counsel's performance warranted relief. Because appellant failed to demonstrate any deficiencies, appellant failed to demonstrate cumulative error. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc: Hon. Kathleen E. Delaney, District Judge
Willie James Lemons, Jr.
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk